## GIMÉNEZ *v.* ESTATE OF GUARCH.

### APPEAL from the District Court of Humacao.

No. 83.—Decided June 13, 1906.

APPEAL—FINDINGS UPON THE EVIDENCE—STATEMENT OF FACTS.—Where the evidence taken at the trial is not submitted to the consideration of the appellate court by means of a statement of facts, the findings of the trial court upon the evidence cannot be considered on appeal, and in such a case it will be presumed that the findings of the trial court upon the evidence are correct.

EXCEPTIONS—RES ADJUDICATA—IDENTITY OF PERSONS, THINGS AND ACTIONS.— In order that an exception of *res adjudicata* may be successfully alleged, it is necessary that the action in which the judgment was rendered and the one in which the exception is alleged, should be perfectly identical with respect to persons, things and actions.

ID.—INTERDICT TO PREVENT CONSTRUCTION OF BUILDING—ORDINARY ACTION.— The special summary proceeding known as interdict to prevent the construction of a building does not close the way for the prosecution of an ordinary action, but on the contrary, it leaves the parties free to resort to that remedy after the termination of the former.

ID.—ABSENCE OF CAUSE OF ACTION—SINE ACTIONE AGIS.—The exception of *sine actione agis*, known to the Spanish law as a peremptory exception, is not the same as that designated as a demurrer by section 105 of the Code of Civil Procedure, which is based on the ground that the complaint does not state facts sufficient to constitute a cause of action, because the former might be alleged even where the complaint showed a cause of action, inasmuch as its existence must needs be determined by the result of the evidence.

ID.—NUISANCE.—An action to abate a nuisance may be prosecuted by any person whose property has been damaged, or whose personal comfort has suffered by reason of such nuisance.

The facts are stated in the opinion.

*Mr. Bosch* for appellant.

*Mr. José de Guzmán Benítez* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On March 25 of last year Dolores Giménez filed an amended complaint in the District Court of Humacao against the Estate of Guarch Ríos and the Municipal Council of Caguas, which complaint reads as follows:

"Comes now the plaintiff, Dolores Giménez de Quiñones, a resident of the city of Caguas, through her attorney, José de Guzmán Benítez, and says:

"That exercising the right granted to her under sections 117 and

179 of the Code of Civil Procedure she amends and adds to the complaint filed against the Estate of Guarch y Ríos so that the same may be directed, as this motion is also directed, against the Municipal Council of Caguas, as defendants in this suit; for which purpose she reproduces the complaint aforesaid, and alleges:

"That she brings this personal action against the Estate of Guarch y Ríos, composed of Josefa, Blanca, Fernando, and Lorenzo Guarch y Ríos, minors, represented by their guardian, José del Carmen Giménez, and of the latter in his own right as the successor in interest of his deceased son, all residents of Caguas, and against the council aforesaid of the city of Caguas, seeking to obtain a judgment against the defendants requiring them to respect the possession and enjoyment which she has had for many years of a parcel of land 3 meters wide forming an alley separating the property of the plaintiff from the house possessed by the defendants on Betances street of the said town; which alley, measuring 3 meters wide, opens upon the said Betances street fronting the Plaza Principal, and extends to the courtyard of the house of the plaintiff.

"The facts are as follows:

"First. The plaintiff, Dolores Giménez de Quiñones, is the owner of a' house situated on Betances street, fronting on the Plaza Principal and Baldorioty street, in the city of Caguas, built upon a lot belonging to said municipality; which lot the family of plaintiff's husband, Nicolas Quiñones Cabezudo, has possessed for more than twenty years, with an old house which was torn down to build another one, which was in fact built and which is standing upon the said lot at the present time.

"Second. The defendants, the Estate of Guarch y Ríos, are the owners of another house situated on the said Betances street, fronting on the Plaza Principal and on the west of plaintiff's house, and which is built on a lot that is also the property of the municipality of Caguas, upon which for many years defendants' family has had a house which was substituted by the one now existing thereon built in the year 1901.

"Third. Between the old houses above mentioned there was an alley 3 meters wide which served as a drain for the waters of both houses and for the use of the two families.

"Fourth. In 1892 plaintiff commenced to build the house which she now owns, and continued quietly and peacefully to enjoy the alley under consideration for the purpose of carrying in the materials therefor up to the termination of the building; for the purpose of daily taking in and out the cows, which furnish milk for the family;

for the passage of servants, and in short, for all domestic purposes, which use was never interrupted by the municipality and was only obstructed eleven years later by the Estate of Guarch y Ríos, as will be hereinafter shown.

"Fifth. In the year 1901 the Estate of Guarch, at that time represented by the guardian, Salvador Más, decided to build a house on the lot which it possessed adjacent to the house of Dolores Giménez de Quiñones on Betances street fronting on the plaza, and filed with the municipal council an application and a plan according to which the house proposed to be built would be 7 meters wide and only reach to the alley, leaving 2 meters between the building proposed and the house of plaintiff. A commission appointed by the municipal council having gone to the place where it was proposed to build the house aforesaid and designated in accordance with the interests (of all concerned) 2½ meters required for the width of the alley, which action of the commission was made to appear in an instrument dated January 9, 1901. The plan was so approved and the permission thus granted by the Municipal Council of Caguas.

"Sixth. In accordance with that plan and permit, the guardian, Salvador Más, commenced the construction of the house of the Estate of Guarch y Ríos, and built the four principal walls, respecting the resolution of the municipal council, but voluntarily leaving an alley of 3 meters width.

"Seventh. On January 11, 1903, the new guardian of the minors, Guarch y Ríos, defendants herein, José del Carmen Giménez, applied to the municipality for a permit to build on the alley, thus widening the house. In view of that petition the plaintiff, Dolores Giménez, made a like application, but the municipal council by a resolution of March 11, 1903, decided not to grant either one of the petitions and abide by the resolution of January 9, 1901, saving to the parties in interest any rights which they might believe themselves to have, to be exercised in the manner and place which they might deem proper.

"Eighth. Notwithstanding this refusal of the municipality, the guardian, José del Carmen Giménez, proceeded to extend the house upon the alley and commenced to construct a wall occupying 2½ meters of the said alley, leaving 1½ meters (*sic*), which is insufficient not only for the use and service of both houses but even to clean the ground left between the two buildings.

"Ninth. The plaintiff, Dolores Giménez de Quiñones, sought to obtain an interdict of possession—a remedy of a purely provisional character—in accordance with the former Law of Civil Procedure,

reserving, according to said law, the right to bring an ordinary action to prevent the construction of the building.

"Tenth. After the termination of the proceedings in the interdict, and the right of the petitioner having been saved whole to make use of the passage for the ordinary service of the house, your petitioner prays the court to consider this complaint to have been filed, together with a copy thereof, to be delivered to José del Carmen Giménez, in his own right and as the guardian and legal representative of the minors, Josefa, Blanca, Fernando, and Lorenzo Guarch y Ríos, all of whom compose the Estate of Guarch y Ríos, and against the Municipal Council of Caguas, and in due time to render judgment holding that the alley separating the houses occupied respectively by the plaintiff and the Estate of Guarch y Ríos, defendant, must be left free for the common use of both parties, preserving the width and measurements agreed upon, accepted and acknowledged, of 3 meters, and, failing in this, then that the same shall have the width and measurement established by the resolutions of the Municipal Council of Caguas of January 9, 1901, and March 11, 1903; and that it also be held and adjudged that neither of the parties may build upon the land included within the space of the said alley, and that the defendants be adjudged to desist from continuing the work commenced and from permitting the same to be continued and required to respect the possession and use thereof by the plaintiff, without the obstacles which now prevent such use, and that the defendants, Guarch y Ríos, be ordered to proceed immediately to demolish the building constructed or commenced upon the said alley, and to leave the same open and free for the use, passage and service of the plaintiff, exactly as before the said Estate of Guarch y Ríos commenced to build the said wall, and that they be adjudged to pay the costs and indemnify the plaintiff for damages in the sum of $500, which is considered the reasonable value of the fees of counsel.

"Humacao, March 25, 1905.—(Signed) José de Guzmán Benítez."

The Estate of Guarch y Ríos in answering the complaint denied all the facts therein alleged not in conformity with those set up in the answer, and alleging *res adjudicata;* and as a further defense, that the plaintiff was without a cause of action, and prayed that the complaint be dismissed and that the plaintiffs be adjudged to pay to the defendant estate the sum of $2,000, and the damages and the costs of the suit.

It does not appear from the records whether or not the municipality of Caguas answered the complaint.

The hearing having been had and the evidence, consisting of the testimony of witnesses and documentary evidence, having been taken, the Humacao court rendered judgment on July 12th of last year, which we hereafter quote at length:

"*Judgment.*—This cause came on to be heard before the court on June 26th last, Attorney José de Guzmán Benítez appearing for the plaintiff, and Attorney Juan F. Vías Ochoteco for the defendants.

"After hearing the evidence introduced and the allegations of the parties, the court finds that on January 9, 1901, Salvador Más, guardian of the minors, Guarch y Ríos, presented a plan to the Municipal Council of Caguas asking for permission to build on Betances street, facing Central Park, a masonry house with an *azotea* 7 meters wide and 16 meters deep, stating that he had already commenced work upon said house. The municipal council authorized the construction of the said house, providing that a space of 84 centimeters should be left between the said house and that of Josefa Ríos on one side, and a space of 2.5 meters on the other side, that is to say, between the house about to be constructed and that of Dolores Giménez de Quiñones, the plaintiff herein, the depth of the lot for the house in question being stated to be 26.75 meters of which only 16 meters should be built upon.

"The Municipal Council of Caguas, at a session held on March 11, 1903, confirmed the resolution adopted on January 9, 1901, authorizing the Estate of Guarch y Ríos to construct a house of the dimensions stated—that is to say, 7 meters wide, leaving a space of 2.5 meters between the house of the Estate of Guarch y Ríos and that of Dolores Giménez de Quiñones.

"The court is of the opinion that the municipality of Caguas authorized the Estate of Guarch y Ríos to build a house upon the space or lot between the house of the plaintiff, Dolores Giménez de Quiñones, and that of Josefa Ríos, leaving a space of 84 centimeters between that of Dolores Giménez de Quiñones and the house of the said estate. The court does not find that the said resolution of the council has been derogated or modified, but that it was decided by the said resolution that a space 2.5 meters wide should be left between the house of the Estate of Guarch y Ríos and that of Dolores Giménez de Quiñones; which space should be devoted to the use of both houses.

"The resolutions and orders of the municipal council do not say that the Estate of Guarch y Ríos may occupy the strip of land left

between the two houses, but only authorized it to build a house on the space included between the two houses, leaving a space of 84 centimeters on one side and 2.5 meters on the other side.

"The court is of opinion that Dolores Giménez de Quiñones, in accordance with the concession granted by the Municipal Council of Caguas, has a right to use the strip of land left between her house and that of the Estate of Guarch y Ríos, and that by building an extension to the house last mentioned her rights are infringed upon.

"Therefore, the court, taking into consideration the foregoing reasons, sustains the complaint, and also holds that the alley 2.5 meters wide separating the houses occupied respectively by the plaintiff, Dolores Giménez de Quiñones, and the Estate of Guarch y Ríos is for the use of both houses, and as under date of March 15 last an application was filed seeking a temporary prohibitory interdict, heard before this court on the 16th of the said month and year, wherein the court ordered the defendants to refrain from permitting the continuation of the construction of the building with their intervention upon the alley facing upon the Plaza Principal of the city of Caguas and separating the house occupied by the plaintiff and that of the Estate of Guarch y Ríos, the court directs that its said order shall be perpetual, and further orders and decrees that the defendants refrain from continuing or permitting with their intervention the building of the house commenced on the alley separating the said houses, and further orders that the defendants, Guarch y Ríos, proceed immediately to demolish the building commenced upon the said alley, which shall remain free and open for the use and service of both houses in conformity with the concessions granted by the Municipal Council of Caguas, with the costs against the defendants.

"Done in Humacao, under my signature, on the 12th day of the month of July, 1905.—J. A. Erwin, judge of the District Court of Humacao. Attest: Enrique Rincón, secretary."

From this judgment the Estate of Guarch y Ríos took an appeal which is now pending before this Supreme Court for decision, the appellant and counsel for Dolores Giménez de Quiñones having made such oral arguments as they deemed proper and having filed their briefs in support of their respective contentions.

As there is no statement of facts in the record containing an authentic statement of the evidence taken at the trial, we

must hold that the findings of the trial court upon the evidence are correct, and we cannot therefore discuss the same in the absence of such a statement of facts to serve as a basis therefor, as has been repeatedly announced by this Supreme Court.

Nevertheles, inasmuch as *res adjudicata* and want of a cause of action have been alleged in opposition to the complaint, we will consider these objections beginning with the facts stated in the complaint itself. The first of the said objections is entirely untenable because in this suit and in the previous suit prosecuted by Dolores Giménez de Quiñones, there is no identity of persons, things and actions. This is an ordinary action while the other was a special summary proceeding; that is to say, an interdict to prevent the construction of a building which did not close the way to the prosecution of an ordinary action, but which, on the contrary, left the parties free to resort to such a remedy after the termination of the summary proceeding. Dolores Giménez de Quiñones and the Estate of Guarch y Ríos were the parties to the interdict, and in this action the Municipal Council of Caguas is also made a party.

In regard to the objection raised by the defendant that the plaintiff was without a cause of action, we are of the opinion that it being included among the exceptions known to the Spanish law as peremptory exceptions, it cannot be held to be the same thing as the demurrer provided for by section 105 of the present Code of Civil Procedure and which consists according to subdivision 6 of the said section, in that the complaint does not state facts sufficient to constitute a cause of action. Formerly a complaint stating facts sufficient to constitute a cause of action could be filed, and nevertheless in opposition to such a complaint the exception known as *sine actione agis* could be alleged, the propriety of which could be determined by the result of the evidence taken, and thereby a decision could be reached as to whether or not the plaintiff had proceeded in accordance with right and reason.

But even on the hypothesis, which is not admitted, that the former peremptory exception of want of action and the present dilatory exception [demurrer] that the complaint does not state facts sufficient to constitute a cause of action were the same, and under this hypothesis we admit that such a dilatory exception has been alleged in answering the complaint by the Estate of Guarch y Ríos, aside from the fact that even if it had not been alleged we could consider the same by examining the language of the complaint, we are of the opinion that it does state facts sufficient to constitute a cause of action.

The action prosecuted is not a real action but is a personal action, and consists in the interruption by the Estate of Guarch y Ríos of the peaceful enjoyment by Dolores Giménez de Quiñones of a house belonging to her through the construction, without any right whatever and contrary to agreement with the municipality of Caguas, upon the alley which should exist between the said house and that of the Estate of Guarch y Ríos. We follow the language of the complaint.

Such an interruption, according to section 277 of the Code of Civil Procedure, is the subject of an action which may be brought by any person whose property has been injured or whose personal comfort has been interfered with thereby.

For the reasons set forth the judgment appealed from should be affirmed, with the costs against the appellant.

*Affirmed.*

Mr. Chief Justice Quiñones and Mr. Justice MacLeary concurred.

Justices Figueras and Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

I regret to dissent from the opinion of the court in this case.

It is unnecessary to discuss whether or not the answer is couched in the terms prescribed by section 105 of the Code

of Civil Procedure, but the objection made therein sufficiently draws attention to the complaint.

Be this as it may, it is certain that section 109 of the Code permits a court to treat and decide of its own motion whether the complaint sets up facts enough to determine a cause of action.

With this understanding of the law the court decided the case of *José Caldas and others* v. *Manuel Castineira,* the decision bearing date of the 20th of March, 1906.

The question then arises: Did the complaint state a cause of action? The title of the complaint shows that the complainant is seeking "to protect the possession and use of certain land in the city of Caguas." The attorney for appellee, at the argument, maintained that the action sought to be exercised was one of usufruct. The complaint, however, does not show that the complainant has any dominion over the land, or any right of use or usufruct. What she attempts to maintain is that she, along with the defendant, Sucesión Guarch Ríos, has had for a certain number of years a right of way or servitude over the land separating the houses of the two parties.

The latter agree that the ground belongs to the municipality. The seventh paragraph of the complaint shows that each of their parties applied to the municipality for the exclusive use of the said alley, and such use was refused.

There is really no attempt in the complaint to set up a claim of use or usufruct in the alley. The complainant does not pretend to exercise any dominion over the land or to derive any fruits or enjoy the same in any way, except for the purpose of passing over it in assertion of the claim to right of way. There are several inconsistent allegations, but whatever rights the complainant has are stated in the third paragraph of the complaint, and in the seventh to tenth paragraphs of the same. So that the legal rights of the complainant, if any, would seem to lie in  easement of servitude,

but such a right is not made out by the complaint. A servitude of a discontinuous nonapparent kind such as a right of way must arise by deed, and not by prescription (sections 546 and 539 of the Code); but no deed or other title is alleged. There is not even a claim or title by prescription, but the complainant bases her right of action on the fact that she has used the land for a certain number of years without interruption, and apparently, also, on the fact that the defendant proceeded to build on the vacant land, without authority from the municipality. We think it is apparent that the complainant was·attempting to assert some right of title of ownership or possession. In Spanish law, however, as in American law, a person who asserts a right of title to a thing must rely on the strength of his own title.

The opinion of the court, however, does not depend upon any claim of use, usufruct or servitude, but the decision is based on the fact that the edifice constructed by the Sucesión Guarch constitutes a nuisance, and interferes with the enjoyment of the complainant's property. The definition of a nuisance under section 277 of the Code of Civil Procedure is as follows:

"Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life, or property, is a nuisance, and the subject of an action. Such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."

Now the words "an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property," cannot mean that every obstruction to the free use of property is a nuisance. For example, if I should build on my own vacant land, and so prevent my neighbor from using the same as a playground for the children, that might be an obstruction to the free use of property, but I think no one will long maintain that it would be a nuisance.

It is evident that the words "the free use of property" must not be understood to refer to the free use of another person's property.

It is not asserted here that the plaintiff is prevented from enjoying or using his own property to the fullest extent, but the claim is that she is prevented from fully using the property of the municipality of Caguas, or the 3-meter alley. If the Sucesión Guarch owned the alley it would not be contended that the building of the defendant and no authority to build would make its action come within the purview of section 277.

It seems to me that another test would be whether, if a third person were put in the possession of the house of Mrs. Dolores Giménez, the plaintiff, such third person would find the building so erected a nuisance to the property acquired by him. Now both parties applied to the municipality for leave to build on the vacant ground, and this application militates against the theory that the ground was essential to the use of the plaintiff's house.

Definitions of nuisance have been attempted by various authorities, but such attempts have not very clearly marked out the line that distinguishes what is a nuisance from what is not. What is a nuisance is a matter of fact that would appeal to the intelligence of an ordinary man. Where a thing amounts to a trespass, or where anybody arbitrarily uses land in a way where he is not authorized, while we might disapprove of the arbitrary act, it would not necessarily come under the head of a nuisance.

In my judgment neither the building nor the actions of the defendant gave the complainant a cause of action lying in nuisance. But even if there was a nuisance of which the complainant had a right to complain, an inspection of the complaint shows it was not founded on any such ground, but as before indicated, on some supposed right of property resting in the complainant. The theory of the complaint is for an action totally distinct from nuisance, and there is nothing in

the record before this court which should permit it to change the plaintiff's own theory and establish for her an action which she herself did not seek to maintain.

For these reasons I think the judgment should have been reversed and the case sent back to the District Court of Humacao with instructions to dismiss the complaint.